

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2009

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3591

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Chen v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1523.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1523

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3591
_____

ZAI RONG CHEN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A77 347 289)
Immigration Judge:  Honorable Donald Vincent Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2009

Before: BARRY, SMITH and HARDIMAN, Circuit Judges

(Opinion filed April 17, 2009)
_____

OPINION
_____

PER CURIAM

With the aid of smugglers known as snakeheads, Zai Rong Chen, a native and

citizen of China, traveled to the United States in 1994.  He was placed in exclusion

proceedings under Alien Number, A71 800 179.  The Board of Immigration Appeals

("BIA") affirmed the Immigration Judge's ("IJ") denial of Chen's application for asylum and withholding of removal, in which he alleged persecution under China's one-child policy. Chen was deported to China in 1995.

In December 2000, Chen attempted to re-enter the United States. He was placed in removal proceedings and assigned a new Alien Number, A77 347 289. Chen applied for asylum, restriction on removal, and withholding under the United Nations Convention Against Torture. The IJ granted relief in November 2001, finding that Chen had suffered past persecution because his wife had been sterilized. But after the government located the record from Chen's 1994 exclusion proceedings, it moved to reopen, vacate the order granting relief, and terminate the removal proceedings. The IJ granted the motion in January 2002; the BIA affirmed without opinion. Later, however, the parties filed a joint motion to reopen. The BIA granted the motion and remanded the case for consideration of Chen's second application for relief and any inconsistencies between it and Chen's 1994 application.

Following an April 2006 hearing, the IJ denied relief, finding that Chen was not credible because of contradictions in his story, hesitancy in testifying, and the deception evident in his effort to reapply for relief under a new Alien Number. The BIA affirmed, stating that the IJ's adverse credibility determinations were not clearly erroneous, that Chen failed to demonstrate eligibility for relief, and that Chen did not merit relief as a matter of discretion. Chen filed a petition for review of the BIA's decision.

The BIA's adverse credibility determinations and findings of fact will be upheld if they are supported by "reasonable, substantial and probative evidence on the record considered as a whole." Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003) (quotations omitted). Adverse credibility determinations based on speculation or conjecture are not upheld. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). In general, "minor inconsistencies and minor admissions . . . are not an adequate basis for an adverse credibility finding." Id. Any discrepancies must involve the heart of the claim. Id. Because the BIA agreed with the IJ's adverse credibility findings and also provided its own rationale, we review both the BIA's order and the IJ's decision.[1] See Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007).

We do not endorse most of the adverse credibility determinations. For example, the BIA supported its adverse credibility determination in part by relying on the IJ's description of Chen's "delay and hesitancy" in testifying. When asked if he had any other problems with the family planning officials, Chen paused before stating that his wife had been arrested and detained for two months. Later, Chen claimed that his wife had been sterilized. The IJ questioned "why it took the respondent so long to remember these incidents." It is certainly appropriate for an IJ to consider an asylum applicant's demeanor. See Dia v. Ashcroft, 353 F.3d 228, 252 n.23 (3d Cir. 2003) (en banc)

---

[1] The provisions of the Real ID Act of 2005 that address the Court's review of an adverse credibility finding do not apply in this case because Chen applied for relief before the Act's effective date. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007).

(recognizing that IJ's observations of demeanor are entitled to a high degree of deference). But Chen explained that he was nervous and thought he did not need to repeat testimony that he had given during his successful asylum hearing in 2001.[2] Tellingly, once Chen overcame his hesitancy, the details he provided concerning his wife's sterilization and detention matched almost exactly the description of those incidents that he had provided in 2001. In both instances, Chen alleged that his wife was sterilized on April 23, 1999, after family planning officials threatened to prevent his two children from being entered on the household registry. Moreover, Chen consistently claimed his family adopted a boy in 2000 but could not pay the 20,000 RMB fine imposed by the family planning officials. As a result, Chen's wife was arrested, detained at the family planning office for two months, and released only after Chen's elderly mother convinced officials that she could not continue by herself to take care of Chen's children. Under the circumstances, Chen's ability to accurately recollect these details during his 2006 testimony overcomes any negative credibility inference derived from the manner in which he testified.

Importantly, however, to the extent Chen relied on his wife's experiences to support his asylum claim, he is not eligible for relief, even if credible. We recently held

---

[2] This latter argument is certainly plausible. The BIA had ordered the IJ on remand to address inconsistencies between Chen's 1994 and 2001 applications, not for the taking of additional testimony. At the beginning of the hearing, Chen's attorney stated that Chen did not wish to testify or relitigate his 2001 proceedings; rather he sought only to provide an explanation for false allegations in his 1994 asylum application.

4

that the Immigration and Nationality Act ("INA") does not extend automatic refugee status to spouses or unmarried partners of individuals who have been forcibly subjected to coercive family planning measures. See Lin-Zheng v. Att'y Gen., 557 F.3d 147 (3d Cir. 2009) ("Thus, there is no room for us to conclude that Congress intended to extend refugee status to anyone other than *the individual who* has either been forced to submit to an involuntary abortion or sterilization, has been persecuted for failure or refusal to undergo such a procedure, or has a well-founded fear of that occurring in the future."). Therefore, as a matter of law, the experiences of Chen's wife cannot establish his eligibility for asylum.[3] And, consequently, the BIA's discretionary denial of asylum was not manifestly contrary to law or an abuse of discretion. See INA § 242(b)(4)(D) [8 U.S.C. § 1252(b)(4)(D)].

For the foregoing reasons, we will deny the petition for review.[4]

---

[3] In addition to the alleged persecution suffered by his wife, Chen himself was ordered to pay 5000 RMB following the birth of his second child. There is no indiction, however, that this economic restriction was so severe as to constitute persecution. See Li v. Attorney General, 400 F.3d 157, 168 (3d Cir. 2005).

[4] The government's motion for summary affirmance is denied.

5